NEW ENERGY CAPITAL
PARTNERS, LLC,
Petitioner

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent

Alcoa Power Generating
Inc., Intervenor

No. 13-1277
Consolidated with 15-1307
September Term, 2016

United States Court of Appeals,
District of Columbia Circuit.

Filed: 12/02/2016

Michael S. Lewis, Esquire, Rath, Young and Pignatelli, PC, Concord, NH, for Petitioner.

Holly Elizabeth Cafer, Esquire, Robert Harris Solomon, Esquire, Solicitor, Federal Energy Regulatory Commission (FERC), Office of the Solicitor, Washington, DC, for Respondent.

Seth Thomas Lucia, David Russell Poe, Attorney, Bracewell LLP, Washington, DC, for Intervenor for Respondent.

Before: Tatel and Wilkins, Circuit Judges, and Ginsburg, Senior Circuit Judge.

**JUDGMENT**

Per Curiam

This cause came to be heard on a petition for review from the Federal Energy Regulatory Commission, and was briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the petition for review for late intervention (No. 13–1277) be denied and the petition for review to reopen the record (No. 15–1307) be dismissed.

In April 2013 Petitioner New Energy Capital Partners, LLC petitioned the Commission to reopen, and alternatively moved to intervene in, the ongoing relicensing proceeding for the Yadkin River project. New Energy's petition and motion came nearly six years after the final deadline for intervention. New Energy argued that it had good cause for untimely intervention due to its lack of notice that the current licensee, Alcoa Power Generating Inc., planned on closing its manufacturing facility supplied by the Yadkin River project and selling project electricity on the open market.

* * *

In May of that year the Commission denied intervention as untimely, and New Energy requested rehearing. *See* 18 C.F.R. § 385.214(d)(1) (providing for late intervention if the movant demonstrates "good cause"). In September the Commission denied rehearing on two grounds. First, the Commission held that a current licensee's "decision as to where to sell project power is not a relevant issue in the relicensing proceeding and could not provide good cause for intervention." *Alcoa Power Generating Inc.*, 144 FERC ¶ 61,-218, ¶ 15 (2013). Second, the Commission determined that "Alcoa Power [had] made known that it might sell power from the Yadkin Project into the open market as early as 2002." *Id.* ¶ 16. The Commission further noted four instances prior to the deadline for intervention that effectively gave New Energy notice of Alcoa's intent. *Id.* ¶¶ 16-19.

New Energy timely challenged the first reason the Commission gave for denying intervention but did not challenge the second ground until its reply brief in this court. Therefore, New Energy has forfeited the latter argument. *See, e.g., Rollins Envtl. Servs. v. EPA*, 937 F.2d 649, 652 n.2 (D.C. Cir. 1991) ("Issues may not be raised for the first time in a reply brief"). Because the second ground stands, New Energy cannot prevail in its petition for review of the order denying intervention.

On appeal, New Energy raised a second objection to the Commission's denial of intervention. New Energy argues the closure of Alcoa's manufacturing facility

amounted to a material de facto amendment of its license application, requiring a new opportunity for intervention. New Energy did not, however, raise this objection before the Commission; therefore we are unable to consider it on appeal. 16 U.S.C. § 8251(b) ("No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do").

* * *

■ The Commission later denied both New Energy's petition to reopen the licensing proceeding in order to entertain new applications and New Energy's subsequent request for rehearing of that denial. *Alcoa Power Generating Inc.*, 152 FERC ¶ 61,040 (2015). Absent a successful motion for late intervention, New Energy is not a party to the relicensing proceeding, and we cannot review the denial of its petition to reopen the record. 16 U.S.C. § 8251(b) ("Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the United States Court of Appeals"); *Pub. Serv. Comm'n of N.Y. v. FPC*, 284 F.2d 200, 204 (D.C. Cir. 1960) (holding that a would-be intervenor is "a party to the record in a limited sense" sufficient only to appeal "the matter of intervention"). Accordingly, we dismiss New Energy's petition for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.